IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**NANCY JOHNSON**                                                                    **PLAINTIFF**

v.                                    Case No. 4:13-cv-00090-KGB

**VALLEY MEDICAL MOORPARK**
**LAB CLINIC and VALLEY**
**MEDICAL HOSPITAL**                                                      **DEFENDANT**

## ORDER

On February 21, 2013, plaintiff Nancy Johnson filed this complaint against "Valley Medical Moorpark Lab Clinic"[1] and "Valley Medical Hospital" (Dkt. No. 2). On April 30, 2013, Ms. Johnson provided to the Court addresses for defendants (Dkt. No. 8). The Court entered an Order directing the Clerk of the Court to prepare summons for each defendant, and the U.S. Marshal for the Eastern District of Arkansas was directed to serve each defendant with the summons and complaint (Dkt. No. 9).

On May 21, 2013, the Court received notice that the summons was returned executed on Valley Medical Hospital on May 10, 2013. On that same day, the Court received notice that the summons was returned unexecuted as to Valley Medical Moorpark Lab Clinic. On June 6, 2013, Ms. Johnson filed a notice with the Court that Valley Medical Hospital had signed the summons but had not answered or otherwise responded (Dkt. No. 12). Ms. Johnson also provided Valley Medical Moorpark Lab Clinic's address again as 2400 Moorpark Ave., San Jose, California 95128. Valley Medical Moorpark Lab Clinic did not execute the summons. On August 20, 2013, the Court received notice from Ms. Johnson requesting that the Court take action against

---

[1] Throughout her correspondence and filings, Ms. Johnson has referred to the Clinic as Valley Medical Moorpark Lab Clinic, Moorpark Clinic Lab, and Valley Medical Moorpark Clinic Lab. The Court uses the names interchangeably in this Order, as the proper name of the defendant Ms. Johnson intends to sue is unclear.

Valley Medical Hospital and Valley Medical Moorpark Lab Clinic (Dkt. No. 13). The Court construes this request as a motion for default judgment.

## I. Valley Medical Hospital

Valley Medical Hospital has been served with the summons and complaint. Valley Medical Hospital has not answered or otherwise responded to that summons and complaint. The Court construes Ms. Johnson's correspondence as a motion for default. Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments. *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011) (citation and internal quotation marks omitted). First, pursuant to Rule 55(a), the party seeking a default judgment must have the clerk of court enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id.* Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *Id.* Entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b). *Id.*

Here, the Court construes Ms. Johnson's request for action as a motion for default and, in turn, as one for entry of default by the clerk of court and for entry of default by this Court. Accordingly, the Court hereby refers the motion to the clerk of court for consideration. In the event that a clerk's default is entered, the Court directs that the motion not be termed. If a clerk's default is entered, the Court will consider the motion for default judgment and request for a hearing pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

## II. Valley Medical Moorpark Lab Clinic

Valley Medical Moorpark Lab Clinic has not been served. The summons and complaint as to this defendant with service attempted at the address provided were returned unexecuted.

Valley Medical Moorpark Lab Clinic cannot be held in default when it has not been properly served the summons and complaint.

Pursuant to Federal Rule of Civil Procedure 4(m) if a defendant is not served within 120 days after the complaint is filed, the Court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  Ms. Johnson's claims against Valley Medical Moorpark Lab Clinic are hereby dismissed without prejudice for failure to perfect timely service of process.

SO ORDERED this the 10th day of September, 2013.

*Kristine G. Baker*
_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE