**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NANCY JOHNSON,<br><br>      Plaintiff,<br><br>  v.<br><br>SANTA CLARA COUNTY, CALIFORNIA,<br><br>      Defendant. | Case No.  14-cv-00672-BLF<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS; (2) DENYING PLAINTIFF'S MOTION TO TRANSFER VENUE**<br><br>[Re:  ECF 31, 47, 54] |

Plaintiff, proceeding pro se, brings suit against Defendant, a county hospital, seeking monetary damages of $5 million[1] as a result of an alleged medical misdiagnosis. Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to plead compliance with the California Government Tort Claims Act. Plaintiff does not respond substantively to Defendant's Motion, but instead asks the Court to transfer her case "out of Santa Clara County." (ECF 47)

The Court designated this case as suitable for adjudication without oral argument, pursuant to Civil Local Rule 7-1(b). After reviewing the parties' submissions, and the relevant case law, the Court GRANTS Defendant's Motion to Dismiss and DENIES Plaintiff's Motion to Transfer.

## I.      BACKGROUND

### A.      Procedural History

This case has a convoluted procedural history. For purposes of understanding the posture of this Motion, Plaintiff filed a Complaint in the federal district court for the Eastern District of

---

[1] In a letter to the Court, dated November 29, 2013, Plaintiff increased this prayer for relief to $10 million. (ECF 23) However, in a subsequent letter, labeled as a "Motion to Include Price" (ECF 54), Plaintiff asked this Court to set the value of her case at $5 million.

1   Arkansas on February 21, 2013. (ECF 2) Plaintiff received an Entry of Default on September 10,

2   2013 (ECF 15), which was set aside on November 18, 2013. (ECF 22) Plaintiff moved to transfer

3   this case from the Eastern District of Arkansas to this district, which was granted on February 12,

4   2014. (ECF 28)

5       Defendant moved to dismiss on March 5, 2014. (ECF 31) Plaintiff did not file an

6   Opposition, and Defendant filed a Reply on May 12, 2014. (ECF 46) Following this Reply, on

7   May 15, 2014, Plaintiff filed a second Motion to Transfer the case. (ECF 47)

8       **B.**      **Factual Allegations**

9       Plaintiff's Complaint states several facts, which are presumed by the Court, for purposes of

10   this Motion, to be true. Plaintiff states that she was a patient at Santa Clara Valley Medical Center

11   ("Valley Medical") from 1976 through 2008. (Compl. at 1)[2] In or around 2000, Plaintiff received

12   the results of a blood test done at Moorpark Clinic Lab which indicated she had Hepatitis C. (*Id.*)

13   Later,[3] after moving to Arkansas, Plaintiff underwent subsequent blood testing that showed that

14   she did not have Hepatitis C, or any other blood disease. (*Id.* at 1-2) Plaintiff alleges that Valley

15   Medical's misdiagnosis:

16           [C]aused me to go through emotional wirldwind (sic), affected my
             and all personal relationships, how I had to enteract (sic) with my
17           children and family and it put the chance of marriage out of the
             question, many sleepless nights, countless tears . . . .
18

19   (*Id.* at 2) Plaintiff seeks $5 million in damages.

20   **II.**      **LEGAL STANDARDS**

21       **A.**      **Rule 12(b)(6)**

22       A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the

23   face of her claim. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must

24   include "a short and plain statement of the claim showing that the pleader is entitled to relief."

25

26   _____

     [2] Valley Medical Center is "part of the Santa Clara County Health and Hospital System." (ECF 31
27   at 2)

28   [3] Plaintiff does not state in her Complaint or subsequent filings the date on which she learned that
     she did not have Hepatitis C.

United States District Court
Northern District of California

United States District Court
Northern District of California

Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). In interpreting Rule 8(a)'s "short and plain statement" requirement, the Supreme Court has held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not ask a plaintiff to plead facts that suggest she will probably prevail, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519, F.3d 1025, 1031 (9th Cir. 2008). The Court is not, however, forced to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120, 1127 (N.D. Cal. 2014) (citing *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)).

The Court, however, should liberally construe the pleadings of pro se plaintiffs. *See, e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.3d 696 (9th Cir. 1988). Pro se plaintiffs "must follow the same rules of procedure that govern other litigants," *Brown v. Rumsfeld*, 211 F.R.D. 601, 605 (N.D. Cal. 2002), but the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri*, 901 F.3d 696, 699 (noting that this rings particularly true "where civil rights claims are involved").[4]

### B.    28 U.S.C. § 1404[5]

Section 1404 permits a court, "in the interest of justice," to transfer a civil action to any

---

[4] This Court construes a pro se plaintiff's complaint so as to give the plaintiff the benefit of any doubt. *See, e.g., Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972), for the proposition that pro se pleadings are "subject to a lesser standard than pleadings drafted by lawyers").

[5] Plaintiff's Motion merely states her desire to transfer this case "out of Santa Clara County." (ECF 47) The Court construes this as a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404.

United States District Court
Northern District of California

1  other district where such an action may have been brought, or to any district where all the parties

2  have consented. 28 U.S.C. §1404(a). A court has the discretion to "adjudicate motions for transfer

3  according to an individualized, case-by-case consideration of convenience and fairness." *Jones v.*

4  *GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citing *Stewart Org. v. Ricoh Corp.*,

5  487 U.S. 22, 29 (1988)). Courts weigh a number of factors in determining whether a transfer is

6  appropriate, including the plaintiff's choice of forum, the difference in the cost of litigation

7  between the forums, and the respective parties' contacts with the forum. *See Stewart Org.*, 487

8  U.S. 22, 29-31 (outlining eight factors a court may consider in adjudicating a motion to transfer).

9         **C.**    **Leave to Amend**

10        Pursuant to Federal Rule of Civil Procedure 15(a), a court should grant leave to amend a

11  complaint "when justice so requires," because "the purpose of Rule 15 . . . [is] to facilitate

12  decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d

13  1122, 1127 (9th Cir. 2000) (en banc). The Court may deny leave to amend, however, for a number

14  of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant,

15  repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

16  opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence*

17  *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (2003).

18  **III.**    **DISCUSSION**

19         **A.**    **Defendant's Motion to Dismiss**

20        Defendant brings its Motion to Dismiss on two grounds: (1) that Plaintiff has not pled that

21  she has complied with the California Government Tort Claims Act, and (2) that Plaintiff does not

22  identify a statutory cause of action under which she brings suit. The Court finds that Defendant's

23  first argument merits dismissal, and GRANTS Defendant's Motion to Dismiss.[6]

24

---

25  [6] Defendant's second argument, that Plaintiff does not identify a statutory cause of action under
which she brings suit, is less availing. As Plaintiff is pro se, the Court construes her Complaint in

26  the light most favorable in order to give her the benefit of any doubt. *See Haines v. Kerner*, 404
U.S. 519, 520 (1972). Under California Government Code § 815.2(a), a public entity can be held

27  liable for injuries "proximately caused by an act or omission of an employee . . . within the scope
of his employment if the act or omission would, apart from this section, have given rise to a cause

28  of action against that employee." The Court thus defers consideration of whether Plaintiff has
stated a claim for relief unless and until Plaintiff pleads compliance with the Tort Claims Act.

1.      **Failure to Plead Compliance with California's Government Claims Act**

Suits against public entities for money or damages are regulated by the Government Tort Claims Act. *See* Cal. Gov't Code §§ 815 *et seq.*; *see also City of Stockton v. Superior Court*, 42 Cal. 4th 730 (2007). Among other requirements, Section 905 of the Act requires the presentation "of all claims for money or damages against local public entities," which includes counties and county-owned facilities. *DiCampli-Mintz v. Cnty. of Santa Clara*, 55 Cal. 4th 983, 989-90 (2012). A county-owned hospital is a public entity for purposes of the Government Tort Claims Act. *See Watts v. Valley Med. Cntr.*, 8 Cal. App. 4th 1050, 1054-55 (1992).

Any claim for personal injury must be presented, in the form of a written claim, to the government entity within six months of the injury. Cal. Gov't Code. § 911.2; *see also* Cal. Gov't Code § 945.4 ("No suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon."). The "failure to timely present a claim for money or damages to a public entity *bars a plaintiff from filing a lawsuit against that entity*." *City of Stockton*, 42 Cal. 4th 730, 737-38 (2007) (emphasis added).

Essentially, a plaintiff must plead and prove the proper exhaustion of the requirements of the Government Tort Claims Act in order to bring suit in the district court. *See Nguyen v. Los Angeles City Harbor/UCLA Medical Center*, 8 Cal. App. 4th 729, 732 (1992). The claimant bears the burden of ensuring that a claim was properly presented to the appropriate public entity. *See, e.g.*, *Life v. Cnty. of Los Angeles*, 227 Cal. App. 3d 894, 901 (1991).

In the instant action, Plaintiff has not pled *any* compliance with the Government Tort Claims Act. Plaintiff merely states that sometime after 2001 she learned that her 2000 diagnosis of Hepatitis C was in error. (Compl. at 1) She does not inform the Court of the exact date she first learned of this error. She further does not plead that she presented a written claim to any public entity within six months of her alleged injury. Having failed to plead compliance with the Government Claims Act, Plaintiff's claim must be dismissed. However, the Court will grant her leave to amend in order to cure this jurisdictional deficiency: if she chooses to amend, Plaintiff must plead how she has complied with the presentation requirement of the Tort Claims Act.

United States District Court
Northern District of California

**B.      Plaintiff's Motion to Transfer**

Plaintiff asks this Court to transfer this case "out of Santa Clara County" (ECF 47), which the Court construes as a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404.[7]

The Court DENIES Plaintiff's request, for several reasons. First, Plaintiff does not state the district to which she wishes to transfer the case. Second, the Court is unaware of any other district in which venue could be proper, as the federal venue statute provides that venue is proper in "a judicial district where any defendant resides," which is this district, or where "a substantial part of the events or omissions giving rise to the claim occurred," which is also this district. 28 U.S.C. § 1391(b). Third, and perhaps most important, Plaintiff has already in this action filed a Motion to Transfer Venue (ECF 27), which was granted on February 12, 2014 by Judge Kristine G. Baker of the United States District Court for the Eastern District of Arkansas. Plaintiff cannot simply seek to transfer venue whenever she desires. Plaintiff elected to transfer her claim from the Eastern District of Arkansas to this district, and she is bound by that choice.

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss is GRANTED, with leave to amend. Without further leave of Court, Plaintiff's amendments are limited to curing the deficiencies outlined in this Order. Should Plaintiff wish to amend her Complaint, she must do so within 28 days of the issue of this Order.

2. Plaintiff's Motion to Transfer Venue is DENIED.

**IT IS SO ORDERED.**

Dated: August 20, 2014

BETH LABSON FREEMAN
United States District Judge

---

[7] Plaintiff's request states "this claim is <u>not going away</u>, it is clear this District Court is sitting in Santa Clara and is clearly leaning towards the County." (ECF 47 (emphasis in original)) The Court rejects any insinuation that it is biased toward the County based on its own physical location within the County.