UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NANCY JOHNSON,<br><br>   Plaintiff,<br><br>   v.<br><br>SANTA CLARA COUNTY, CALIFORNIA,<br><br>   Defendant. | Case No. 14-cv-00672-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; GRANTING LEAVE FOR PLAINTIFF TO FILE AN AMENDED COMPLAINT**<br><br>[Re: ECF 59] |

Before the Court is Plaintiff's third Motion to Appoint Counsel. This Court has previously twice denied Plaintiff's request to appoint civil counsel in the above-captioned action, informing Plaintiff that there is no constitutional right to counsel in a civil case, *see, e.g.*, *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981), and that there are no "exceptional circumstances" present in this case that would cause the District Court to ask counsel to represent Plaintiff in this matter. *Cf. Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).[1] The Court construes Plaintiff's instant Motion as a Motion for Leave to file a Motion for Reconsideration of its prior Order denying Plaintiff the appointment of counsel, pursuant to Civil Local Rule 7-9.

A party may not "repeat any oral or written argument made by the applying party in support of or in opposition to" to the Order the party requests the Court reconsider. *See* Civil L.R. 7-9(c). Plaintiff has twice been referred to FLASH, the Federal Legal Assistance Self-Help Center. Plaintiff has repeatedly represented to the Court that FLASH has refused her assistance. *See* ECF

---

[1] Plaintiff states in a letter to the Court, dated August 26, 2014, that she is "seeking legal assistance which is a right." ECF 58 at 2. Plaintiff is incorrect. Though the Supreme Court has held that there is a constitutional right to an attorney for indigent defendants in criminal cases, *see Gideon v. Wainwright*, 372 U.S. 335 (1963), there is no corresponding right to an attorney in civil cases. *See Lassiter*, 452 U.S. 18 (1981). Plaintiff's case alleges civil claims against Defendant. As such, she is not entitled to the appointment of at attorney.

1  58 at 1 ("Flash refuse[d] assistance. I phone[d] again the Flash Legal service 8-25-14 for

2  assistance with tort form [and was] again denied.")

3        With this Motion, Plaintiff attaches a letter from the Director of FLASH, dated September

4  15, 2014, which states:

> I just reviewed the docket of your case, and the letter you sent to the Court, filed on Sept. 2, 2014. In your letter to the Court, you state that FLASH refused to help you with filing an administrative claim with Santa Clara County.
>
> You and I know that is not a true statement. The truth is that on the day you phoned FLASH for assistance, I located the Santa Clara County administrative complaint form and mailed it to you that day.
>
> For misleading the Court, FLASH will no longer provide service to you.

11  ECF 59-1 at 1.

12        The Court appreciates Plaintiff including this information with her Motion, but this

13  statement from the Director of FLASH gives the Court pause. The Court reminds Plaintiff of her

14  duty of good faith before the Court, which requires that Plaintiff have good reason to believe that

15  everything written in a signed document presented to the Court is truthful.

16        The Court DENIES Plaintiff's Motion for Leave to File a Motion for Reconsideration, and

17  thus DENIES Plaintiff's third Motion to Appoint Counsel. Plaintiff is instructed not to file another

18  Motion requesting counsel in this case. If Plaintiff does so, the Court will consider appropriate

19  sanctions.

20        On August 20, 2014, the Court granted Defendant's Motion to Dismiss the above-

21  captioned case, and provided Plaintiff 28 days in which to file an amended Complaint. *See* ECF 57

22  at 6. Plaintiff has not done so – instead she has filed a "Response" to the dismissal notice, which

23  repeated her request for the Court to appoint her an attorney, and repeated that she is "entitled to

24  relief," but did not include an amended Complaint. Because Plaintiff filed this document with the

25  Court within the 28 days she was given, the Court will permit the Plaintiff one more opportunity

26  to file an amended Complaint with the Court. Plaintiff has been informed, in the Court's Dismissal

27  Order, of the deficiencies in her Complaint – notably that she has not pled compliance with

28  California's Government Claims Act, Cal. Gov't Code § 815. *See* Dismissal Order, ECF 57 at 5.

1  The Court HEREBY ORDERS Plaintiff to file with the Court an amended Complaint,
2 which states (1) the causes of action she believes Defendant committed, or the laws she believes
3 Defendant violated; (2) the facts that give rise to these beliefs; and (3) her prayer for relief, which
4 includes the amount of damages she requests. Plaintiff *must* include facts that show she has
5 complied with Section 815 of the California Government Code, as instructed in the Court's
6 Dismissal Order. Plaintiff is referred to this district's website for pro se litigants,
7 http://www.cand.uscourts.gov/proselitigants, which can provide Plaintiff assistance and resources
8 to represent herself in this matter. Plaintiff is further encouraged to seek outside, private counsel if
9 she wishes to have the assistance of an attorney.

10  The Court therefore DENIES Plaintiff's Motion to Appoint Counsel, and ORDERS
11 Plaintiff to file with the Court an amended Complaint **no later than Friday, October 24, 2014**. If
12 Plaintiff fails to file an amended Complaint, this action will be dismissed.

13  **IT IS SO ORDERED.**

14 Dated: October 2, 2014

_____
BETH LABSON FREEMAN
United States District Judge