# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NANCY JOHNSON,<br>　　　　Plaintiff,<br>　　v.<br>SANTA CLARA COUNTY, CALIFORNIA,<br>　　　　Defendant. | Case No. 14-cv-00672-BLF<br><br>**ORDER GRANTING WITH PREJUDICE DEFENDANT'S MOTION TO DISMISS**<br><br>[Re: ECF 63] |

This action arises out of an alleged medical misdiagnosis. The Court has previously granted Defendant's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Dismissal Order, ECF 57. In that Order, the Court gave Plaintiff, who is proceeding pro se, clear instruction as to how she could amend her complaint in order to show compliance with the California Government Tort Claims Act. *See id.* at 5.

Following amendment, Defendant once again moved to dismiss. The Court deems this motion suitable for adjudication without oral argument, pursuant to Civil Local Rule 7-1(b). Because Plaintiff has made no attempt to plead compliance with the Tort Claims Act, and because further amendment would be futile, the Court GRANTS Defendant's motion to dismiss, WITH PREJUDICE.

**I.    BACKGROUND**

Plaintiff contends that she was a patient at the Moorpark Clinic, a county hospital, from 2000 until 2009. *See* First Amended Complaint ("FAC") at 1. At some point during that period of time – it is unclear exactly when from the face of Plaintiff's FAC – she contends that she was informed by her doctor, Kevin Nguyen, that she had tested positive for Hepatitis C. *Id.*

In 2009, Plaintiff moved to Arkansas, and alleges that on November 19, 2012, she tested

1  negative for Hepatitis C. *Id.* at 1-2. She obtained three further blood tests in 2014, all of which she
2  claims confirm that she did not have Hepatitis C. She contends that the Moorpark Clinic's
3  misdiagnosis harmed her from 2000 until 2012 in several ways:

> I had to adjust my life, my children['s] li[ves], my self esteem and constant fear of infecting others, the emotional stress and mental state of mind, a relationship completely destroyed[.] 13 years taken, I slept alone because of a mistake by the Moorpark Clinic Lab.

*Id.* at 2.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of her claim. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). In interpreting Rule 8(a)'s "short and plain statement" requirement, the Supreme Court has held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not ask a plaintiff to plead facts that suggest she will probably prevail, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519, F.3d 1025, 1031 (9th Cir. 2008). The Court is not, however, forced to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Kane v. Chobani*, Inc., 973 F. Supp. 2d 1120, 1127 (N.D. Cal. 2014).

The Court should liberally construe the pleadings of pro se plaintiffs. *See, e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.3d 696 (9th Cir. 1988). Pro se plaintiffs "must follow the same rules of procedure that govern other litigants," *Brown v. Rumsfeld*, 211 F.R.D. 601, 605 (N.D. Cal.

2002), but the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri*, 901 F.3d 696, 699 (noting that this rings particularly true "where civil rights claims are involved").[1]

### B.  Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), a court should grant leave to amend a complaint "when justice so requires," because "the purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). The Court may deny leave to amend, however, for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (2003).

### III. DISCUSSION

This is Defendant's second motion to dismiss under Rule 12(b)(6) alleging that Plaintiff has failed to plead compliance with the Tort Claims Act.

When a plaintiff brings a suit against a California public entity for monetary damages, he or she must comply with the Tort Claims Act, Cal. Gov't Code §§ 815 *et seq.* The Act requires the presentation "of all claims for money or damages against local public entities."[2] *See DiCampli-Mintz v. Cnty. of Santa Clara*, 55 Cal. 4th 983, 989-90 (2012). A claim for personal injury must be presented, in the form of a written claim, to the government entity alleged to have caused the injury within six months of the injury. *See* Cal. Gov't Code § 911.2; *see also* Cal Gov't Code § 945.4 ("No suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented

---

[1] This Court construes a pro se plaintiff's complaint so as to give the plaintiff the benefit of any doubt. *See, e.g.*, *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972), for the proposition that pro se pleadings are "subject to a lesser standard than pleadings drafted by lawyers").

[2] A county-owned hospital is a public entity for purposes of the Tort Claims Act. *See, e.g.*, *Watts v. Valley Med. Cntr.*, 8 Cal. App. 4th 1050, 1054-55 (1992).

to the public entity *and has been acted upon*.") (emphasis added). The failure to timely present a claim to a public entity "bars a plaintiff from filing a lawsuit against that entity." *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 737-38 (2007).

Thus, when a plaintiff seeks to bring a lawsuit against a public entity, like a county hospital, and seeks monetary relief in the form of damages, the plaintiff must plead and prove proper claim presentation pursuant to the terms of the Tort Claims Act. The plaintiff bears the burden of ensuring that the claim was properly presented to the appropriate public entity. *See, e.g.*, *Life v. Cnty. of Los Angeles*, 227 Cal. App. 3d 894, 901 (1991).

In granting Defendant's prior motion to dismiss, the Court informed Plaintiff of the law governing compliance with the Tort Claims Act, and described her burden to show proper exhaustion in any amended pleading:

> Plaintiff has not pled any compliance with the Government Tort Claims Act. . . . [She] does not plead that she presented a written claim to any public entity *within six months* of her alleged injury. Having failed to plead compliance [], her claim must be dismissed. However, the Court will grant her leave to amend in order to cure this jurisdictional deficiency: if she chooses to amend, *Plaintiff must plead how she has complied with the presentation requirement of the Tort Claims Act.*

Dismissal Order, ECF 57 at 5 (emphasis added).

Plaintiff's FAC makes no attempt to plead compliance with the Tort Claims Act, despite this guidance from the Court. She once again does not allege that she provided Moorpark Clinic, or the County of Santa Clara, with any written notice of her claim within six months of learning that she had tested negative for Hepatitis C.[3] Because failure to comply with the terms of the Tort Claims Act acts as a bar to Plaintiff's suit, *see Nguyen v. Los Angeles City Harbor/UCLA Med. Cntr.*, 8 Cal. App. 4th 729, 732 (1992), and because Plaintiff has provided the Court no indication that she has ever attempted to comply with the presentation requirement,[4] her claim must be

---

[3] From Plaintiff's FAC, such a written notice would need to have been provided no later than May 19, 2013, as she first learned on November 19, 2012 that she had tested negative for Hepatitis C. *See* FAC at 1.

[4] In Plaintiff's Opposition, she states only that "I have complied with the courts request and the court files will reflect this." Opp., ECF 64 at 1. Plaintiff has not, however, followed the Court's

4

dismissed.

Further, from the information provided by Plaintiff in her prior filings, further amendment would be futile. In a prior motion to appoint counsel, filed with the Court on September 29, 2014, Plaintiff included as an exhibit an August 25, 2014 letter she received from FLASH, the Federal Legal Assistance Self-Help program, in which FLASH helped Plaintiff locate the administrative complaint form for Santa Clara County. *See* ECF 59-1 at 1 ("[O]n the day you phoned FLASH for assistance, I located the Santa Clara County administrative complaint form and mailed it to you that day.").[5] Plaintiff has not informed the Court of any attempt to lodge any written notice of her claim, and she sought assistance to find the administrative complaint form over sixteen months after she first learned of her injury – well beyond the six month statutory period in which she would have been permitted to file such a notice and still preserve her right to file suit. Because further amendment would be futile, Plaintiff's claim must be dismissed, with prejudice. *See, e.g.*, *Eminence Capital*, 316 F.3d 1048, 1052.

## IV.   ORDER

For the foregoing reasons, Plaintiff's claims are DISMISSED WITH PREJUDICE. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 19, 2014

_____
BETH LABSON FREEMAN
United States District Judge

---

instruction to plead her compliance with the Tort Claims Act. She does not provide a copy of a written form submitted to the County or hospital within six months of her injury, nor does she plead in her FAC that she ever filled out or filed such a form. *Cf.* FAC at 1-2; *cf. also* Opp. at 1.

[5] Notably, Plaintiff also does not allege that she filled out and presented this administrative complaint form to any county entity after she was provided the form by FLASH.

5