UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NANCY JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY, CALIFORNIA,<br><br>Defendant. | Case No. 14-cv-00672-BLF<br><br>**ORDER REVOKING IN FORMA PAUPERIS STATUS FOR PURPOSES OF APPEAL ONLY** |

Plaintiff, proceeding *pro se*, brought suit arising out of an alleged medical misdiagnosis. On April 26, 2013, the United States District Court for the Eastern District of Arkansas, where this suit was initially filed prior to its transfer to this district, granted Plaintiff's motion to proceed in this action in forma pauperis. ECF 7.

Following the case's transfer, the undersigned dismissed Plaintiff's original complaint for failure to state a claim, finding that Plaintiff failed to plead compliance with the California Government Tort Claims Act, a prerequisite for bringing a tort action for money or damages against a public entity. ECF 57 at 5. The Court provided Plaintiff with clear direction as to the manner and necessity of pleading compliance with the Tort Claims Act, and granted leave to amend. *See id.*

Plaintiff then filed an FAC and Defendant again moved to dismiss. The Court found that Plaintiff, once again, "ma[de] no attempt to plead compliance with the Tort Claims Act," ECF 68 at 4, and that further amendment would be futile because failure to comply with the Act "acts as a bar to Plaintiff's suit." *See id.*

Plaintiff filed a notice of appeal of this dismissal with prejudice. *See* ECF 69. Before the Court now is a March 4, 2015 Referral Notice from the United States Court of Appeals for the

Ninth Circuit, referring this matter to the undersigned "for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." Referral Notice at 1.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith if it presents at least one issue or claim that is non-frivolous, *see Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002), and "[f]or purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact." *Hunt v. D.C. Council*, 2012 WL 1965889, at *2 (N.D. Cal. May 21, 2012) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

The Court twice found that Plaintiff had made no attempt to plead necessary compliance with the Tort Claims Act, and that such pleading is a prerequisite for any tort claim seeking money or damages against Defendant in this action. Despite clear guidance from the Court as to what Plaintiff would need to allege in order to plead such compliance, Plaintiff's FAC included no reference to the Tort Claims Act, or any factual pleading regarding the presentation of her claim to a governmental entity within the statutorily-mandated time period. This failure by Plaintiff renders her attempt to appeal the Court's dismissal with prejudice frivolous, because it "lacks any arguable basis in law or fact." *See Neitzke*, 490 U.S. at 325; *see also Dowd v. Cnty. of Kern*, 2012 WL 4982786, at *1 (E.D. Cal. Oct. 17, 2012) (revoking in forma pauperis status for a plaintiff seeking to appeal a dismissal order, because the Court granted plaintiff the opportunity to amend his Complaint, and provided him specific instructions on how to do so, but plaintiff completely "failed to address the deficiencies noted by the Court").

For the foregoing reasons, and pursuant to 28 U.S.C. § 1915(a)(3), the Court finds that Plaintiff's appeal is frivolous and lacks any arguable basis in law or fact. Plaintiff's in forma pauperis status is **hereby revoked** for purposes of this appeal only.

**IT IS SO ORDERED.**

Dated: March 11, 2015

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

2